GILBERTO RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1051. Argued November 11, 1935.—Decided December 23, 1935.

*Llorens & O'Neill* for petitioner. *Samuel R. Quiñones* for plaintiff in the main action.

MR. JUSTICE ALDREY delivered the opinion of the court.

María R. de Serbiá caused an attachment to be levied upon an automobile belonging to Andrés Cortés and his wife, in a suit brought against them in a municipal court.

Gilberto Rodríguez filed a complaint in intervention against both parties to said suit alleging that he had purchased the automobile in question from Andrés Cortés for $150, and praying that the ownership of the car be declared in his favor and that it be returned to him. The judgment rendered in the intervention proceeding was adverse to Gilberto Rodríguez, who took an appeal therefrom to the District Court of San Juan, where Mrs. Serbiá moved for the dismissal of the appeal on the ground that no notice of the appeal had been served on Cortés or his wife. The district court dismissed the appeal for want of such notice and the claimant applied for and obtained a writ of certiorari directed to the judge of said court.

The question to be decided in this case is whether the appeal taken by the claimant should have been notified to Andrés Cortés and his wife.

Section 296 of the Code of Civil Procedure provides that an appeal from a judgment must be notified to the adverse party or his attorney; and in the case of *Candelas* v. *Ramírez,* 20 P.R.R. 31, we have held that for the purposes of an appeal the term "adverse party" includes only those parties who would be affected by a reversal or modification of the judgment appealed from. Consequently, what we must determine is whether or not Cortés and his wife, who are the defendants in the intervention proceeding and also in the suit prosecuted against them by Mrs. Serbiá, might be affected by a reversal or modification of the judgment.

The purpose sought by the intervention proceeding instituted by Gilberto Rodríguez was to have him adjudged to be the owner of the automobile in question, and hence that it did not belong to Cortés and his wife and could not be attached to answer for Serbiá's claim against those spouses.

The judgment of the court, by declaring that the said automobile was not the property of the claimant, in effect awarded it to its legitimate owners, Cortés and his wife.

We have repeatedly held in similar cases that the defendants in the principal suit and in the intervention proceeding are adverse parties in an appeal taken by the intervener and that they must be notified of the appeal. *Pereida* v. *Foote,* 25 P.R.R. 750; and the *United Porto Rican Bank* v. *Carattini,* 45 P.R.R. 174, 622.

The writ of certiorari must be discharged.